**Robert BUCKHALTER, Plaintiff,**

v.

**PEPSI-COLA GENERAL BOTTLERS, INC., et al., Defendants.**

No. 83 C 3493.

United States District Court, N.D. Illinois, E.D.

Aug. 13, 1984.

fendants' objections to the Report and Recommendation of the Magistrate recommending that the motion be denied. For the reasons stated herein, the defendants' objections are sustained and the motion for summary judgment is granted.

## FACTS

Plaintiff was terminated from his employment with Pepsi following certain events which transpired on June 10, 1978. On that date, two Pepsi security personnel observed a group of men in the parking lot of Pepsi's 51st Street plant in Chicago. Some or all of these men were allegedly drinking beer. When approached by the security agents, four of the men were able to flee, while four others, including plaintiff, were taken into the custody of the security men. These four individuals were subsequently discharged from their employment with Pepsi.

Following an informal grievance meeting, Pepsi decided to uphold the discharge of plaintiff. This decision was appealed by plaintiff's labor union to the labor management committee, which also ruled against plaintiff.

On August 2, 1978, plaintiff filed a charge of racial discrimination with the Illinois Fair Employment Practices Commission (the FEPC).[1] On May 29, 1979, the FEPC issued a complaint of racial discrimination which was heard before an Administrative Law Judge (ALJ) of the Illinois Human Rights Commission (HRC) in a hearing in March, 1980. In March, 1982, the ALJ ruled against plaintiff and dismissed all of the claims. *In re Robert Buckhalter and Pepsi-Cola General Bottlers, Inc.*, 7 Ill. HRC Rep. 102 (1982). This decision was affirmed by the full HRC in November, 1982. 7 HRC Rep. 96 (1982).

On February 24, 1983, plaintiff requested a right-to-sue letter from the EEOC. This letter was obtained on March 7, 1983. On May 22, 1983, plaintiff filed the instant suit

Gary H. Palm, Jerome B. Meites, Edwin F. Mandel Legal Aid Clinic, Chicago, Ill., for plaintiff.

William R. Sullivan, Jr., Charles C. Jackson, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

The case at bar is an action filed under Title VII, 42 U.S.C. 2000e, *et seq.*, and 42 U.S.C. § 1981 in which the plaintiff alleges that he was terminated from his employment by defendant Pepsi because of his race. Before the Court is the defendants' motion for summary judgment based on the doctrine of *res judicata* and the de-

---

**1.** The FEPC was abolished by the repeal of the Illinois Fair Employment Practices Act in 1980 and replaced by the Illinois Human Rights Act. Ill.Rev.Stat. ch. 68, ¶ 1–101 *et seq.* (1983). This act created the Illinois Human Rights Commission and the Illinois Department of Human Rights which, together, enforce antidiscrimination policy in Illinois.

under Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981.

In the instant suit, the plaintiff makes the same claims against the defendants as were considered and decided upon by the HRC. Thus, claiming that the instant suit is barred by the *res judicata* effect of the administrative decision, defendants have moved for summary judgment.[2] For the reasons stated herein, defendants' motion for summary judgment is granted.

### DISCUSSION

The central issue in this case is whether a decision of the full Illinois Human Rights Commission precludes a subsequent action in federal court concerning identical claims and issues. In *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), the Supreme Court held that *res judicata* applies to the findings of an administrative tribunal if the tribunal:

> ... is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties ... had adequate opportunity to litigate ... [in that] both parties had a full and fair opportunity to argue their version of the facts and an opportunity to seek court review of any adverse findings.

*Id.* at 422, 86 S.Ct. at 1560.

In specifically addressing a case brought under 42 U.S.C. § 1981, the Seventh Circuit added:

> The Supreme Court has also made it clear that issues of fact determined by an administrative agency acting in a judicial capacity may collaterally estop future relitigation of administratively determined issues.

*Lee v. City of Peoria*, 685 F.2d 196, 198 (7th Cir.1982), citing *Utah Construction, supra.*

■ Under the Full Faith and Credit Clause of the United States Constitution, Article IV, § 1, as implemented by 28 U.S.C. § 1738, "federal courts [are required] to give preclusive effect to state court judgments whenever the courts of the state from which the judgment emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). It is well settled that the findings and judgments of an administrative tribunal are entitled to full faith and credit in all courts if such administrative tribunal was acting in a judicial capacity in rendering its decision. *Thomas v. Washington Gas Light Co.*, 448 U.S. 261, 281, 100 S.Ct. 2647, 2660, 65 L.Ed.2d 757 (1980); *United Farm Workers v. Arizona Agricultural Employment Relations Board*, 669 F.2d 1249, 1255 (9th Cir.1982). It would therefore appear that this Court is required to give full faith and credit and thus preclusive effect to the judgment of the HRC if the courts of the State of Illinois would act in such a manner. However, relying on a footnote in *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), plaintiff urges this Court to hold that in the case at bar, the decision of the HRC should not be given *res judicata* effect in this Court. Plaintiff argues (1) that to accord preclusive effect to decisions of the HRC under Title VII and § 1981 would contravene the Supreme Court's decision in *Kremer;* and (2) that because of the particular facts of the case, plaintiff was denied due process because he did not have a full and fair opportunity to litigate his claims before the ALJ and the HRC.

### I.

In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court held that under 28 U.S.C. § 1738, a federal district court is required to give preclusive effect to a state court decision upholding a

---

**2.** Originally, the motion for summary judgment was submitted to a U.S. Magistrate for a Report and Recommendation. The Magistrate recommended that the motion for summary judgment be denied, a recommendation which was objected to by defendants. In issuing the instant order, the Court has considered the motion for summary judgment *de novo.* Fed.R.Civ.P. 72(b).

state administrative agency's rejection of an employment discrimination claim. In a footnote, however, the Court, in discussing the preclusive effect the EEOC should give to findings made in state proceedings, stated:

> EEOC review of discrimination charges previously rejected by state agencies would be pointless if the federal courts were bound by such agency decisions. *Batiste v. Furnco Construction Corp.*, 503 F.2d 447, 450 n. 1 (CA 7 1974), cert. denied, 420 U.S. 928 [95 S.Ct. 1127, 43 L.Ed.2d 399] (1975). Nor is it plausible to suggest that Congress intended federal courts to be bound further by state administrative decisions than by decisions of the EEOC. Since it is settled that decisions by the EEOC do not preclude a trial *de novo* in federal court, it is also clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in the State's own courts. [Citations omitted.]

*Id.* at 470 n. 7, 102 S.Ct. at 1891 n. 7.

On initial inspection, it would seem that the Supreme Court has foreclosed the possibility of *res judicata* precluding a federal court from hearing *de novo* an unreviewed matter which has been decided by a state administrative body. However, if applied to a case where the state administrative body acted in a judicial capacity, the *Kremer* footnote would appear to contradict well established precedent. *Utah Construction*, supra; *Lee v. City of Peoria*, supra.

In setting out the *Kremer* footnote, the Supreme Court equated the powers of the state administrative agencies it spoke of with those of the EEOC. The EEOC, like the Illinois Department of Human Rights, has the power to investigate, attempt conciliation, and prosecute charges of discrimination. 42 U.S.C. § 2000e–5. It cannot be disputed that, as to these functions, a determination by a state administrative agen-

cy, like that of the EEOC, is not to be given preclusive effect. However, where a state administrative agency is empowered to act in a judicial capacity, it has exceeded the powers granted the EEOC and cannot be equated therewith. Thus the logic behind the *Kremer* footnote can only be read as extending to the limits of power given the EEOC. Hence, the footnote must be read as applying only to those administrative decisions which are investigatory or otherwise purely administrative in nature and not to determinations in which the administrative agency was empowered to and indeed acted in a judicial capacity.

▪ In the statutory scheme under consideration, it is apparent that the functions of the EEOC are coextensive with those of the Illinois Department of Human Rights within their respective statutory frameworks. The HRC, however, has no equivalent in the federal system insofar as it is empowered to act in a judicial capacity. Under Ill.Rev.Stat. ch. 68, par. 8–108, following a hearing and upon a determination of a civil rights violation, the HRC may issue a cease and desist order, assess actual damages, order hiring, reinstatement, promotion, back pay, fringe benefits, and a host of other relief, including the imposition of attorneys' fees and costs. Decisions of the HRC are given preclusive effect in the Illinois courts and may be overturned only if the HRC's decision is contrary to the manifest weight of the evidence. Ill.Rev.Stat. ch. 68, ¶ 8–111. There are no equivalent powers vested in the EEOC; indeed that agency must rely on the powers of the district court to obtain such relief. *See e.g.*, 42 U.S.C. § 2000e–5(f), (g), and (k). The Court thus concludes that where the HRC has acted in a judicial capacity, its findings are *res judicata* and preclude a subsequent *de novo* federal proceeding.[3]

▪ In the case at bar, over ninety motions, briefs, and orders were filed or issued. A four-day hearing ensued at which

---

**3.** A holding of the HRC may be appealed to the Illinois Circuit Courts in accordance with the provisions of the Administrative Review Law, Ill.Rev.Stat. ch. 110, ¶ 3–101 *et seq.* Ill.Rev.Stat. ch. 68, ¶ 8–111(A).

witnesses were examined and cross-examined under oath and both parties were permitted to make evidentiary objections. A 680-page transcript was made of the hearing, following which the plaintiff's attorneys filed a post-hearing brief. Subsequent to an unfavorable ruling by the ALJ, plaintiff appealed to the full HRC,. which reviewed the record and affirmed the ALJ's decision. Throughout the proceedings, plaintiff had compulsory process available to him which he exercised by subpoenaing various witnesses who testified at the hearing. Finally, judicial review in the Illinois courts was available to plaintiff for appeal of any adverse ruling of the HRC. It is apparent that in deciding plaintiff's case, the HRC acted in its judicial capacity.

## II.

It is also clear that plaintiff was afforded sufficient due process in the litigation of his administrative claim. Before a state court and, hence, a federal court, may give a state administrative proceeding *res judicata* effect, such proceeding must satisfy the applicable requirements of the Due Process Clause. *Kremer,* 456 U.S. at 482, 102 S.Ct. at 1897–98. While there is "no single model of procedural fairness ... dictated by the Due Process Clause," *Mitchell v. W.T. Grant Co.,* 416 U.S. 600, 610, 94 S.Ct. 1895, 1901, 40 L.Ed.2d 406 (1974), the Seventh Circuit has upheld the Illinois antidiscrimination scheme as comporting therewith. *Unger v. Consolidated Foods Corp.,* 693 F.2d 703, 705 (7th Cir. 1982). While plaintiff complains of various "errors" by the HRC, including questions of evidence and the allocation of the burden of proof, none of the procedures available under the Act appear to have been substantially denied him. Moreover, the matters complained of are more properly matters which could have been considered by the Illinois courts on appeal had plaintiff not abandoned his prior course of action by filing in this Court.[4]

4. Plaintiff also contends that *res judicata* should not bar the instant federal case because counsel, relying on *Kremer,* decided to abandon the state proceedings in favor of a federal filing. In the

## CONCLUSION

From the foregoing, it is clear that plaintiff's Title VII claim is barred by *res judicata.* Similarly, because there is "no reason to distinguish civil rights actions brought under sections 1981, 1983 and 1985 from suits brought under Title VII for purposes of applying *res judicata," Lee v. City of Peoria,* 685 F.2d 196, 199 (7th Cir.1982), plaintiff's claim under § 1981 is also barred. Defendants' motion for summary judgment is therefore granted.

IT IS SO ORDERED.

view of this Court, however, such a decision amounts to no more than a strategic tactic which, because of this order, backfired.