Paul JONES

v.

PROGRESS LIGHTING CORPORATION.

Civ. A. No. 84–0074.

United States District Court,
E.D. Pennsylvania.

Oct. 18, 1984.

Edwin B. Barnett, Strong, Barnett, Hayes & Hamilton, Philadelphia, Pa., for plaintiff.

Allan M. Dabrow, Pechner, Dorfman, Wolffe, Rounick & Cabot, Philadelphia, Pa., for defendant.

MEMORANDUM

BRODERICK, District Judge.

The plaintiff, Paul Jones, brought this action pursuant to Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that defendant Progress Lighting Corporation unlawfully terminated the plaintiff's employment because of his race. Prior to filing the complaint in this case, the plaintiff filed charges of discrimination against the defendant with the Philadelphia office of the Equal Employment Opportunity Commission, as required by 42 U.S.C. § 2000e–5. Although the parties agree that the plaintiff also "voluntarily" filed charges of discrimination against the defendant with the Philadelphia Commission on Human Relations (P.C.H.R.), it appears that prior to considering the plaintiff's charges the E.E.O.C. would have referred those charges to the P.C.H.R. pursuant to 42 U.S.C. § 2000e–5(c). On August 4, 1983, the P.C.H.R., following its investigation, notified the plaintiff that his charges would be dismissed as not substantiated unless the plaintiff requested a review hearing. The plaintiff did not request such a hearing, nor did he appeal the P.C. H.R.'s dismissal of his charges to the Pennsylvania Court of Common Pleas, which was his right pursuant to § 9–1107(10) of the P.C.H.R. provisions and 2 *Pa.Cons. Stat.Ann.* §§ 752–754 (Purdon Supp.1984). Subsequently the E.E.O.C., relying on the findings of the P.C.H.R., determined that there was not probable cause to believe that a Title VII violation had occurred and issued the plaintiff a right-to-sue notice. The plaintiff timely commenced this lawsuit within the ninety-day period set forth in 42 U.S.C. § 2000e–5(f)(1). The defendant has filed a motion for summary judgment on the basis of res judicata. The defendant contends that as a result of plaintiff's failure to appeal the P.C.H.R.'s dismissal of his charges, the determination of the P.C.H.R. would have been afforded "final and preclusive" effect within the Pennsylvania court system. The defendant further contends that under the principles of res judicata embodied in the full faith-and-credit clause of the Constitution (Art. IV § I) and its statutory counterpart (28 U.S.C. § 1738), as recently applied to Title VII cases by the Supreme Court in *Kremer v. Chemical Construction Corp.*, 456 U.S.

461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the P.C.H.R. determination precludes the plaintiff from bringing this action in federal court. For the reasons that follow the defendant's motion for summary judgment will be denied.

In *Kremer v. Chemical Construction Corp., supra*, the plaintiff filed an employment discrimination complaint with the E.E.O.C., which referred the matter to the New York state agency charged with enforcing the New York laws prohibiting employment discrimination. The agency concluded that no discrimination had occurred. The plaintiff appealed the agency's determination to the Appellate Division of the New York Supreme Court, which affirmed the agency's findings. Subsequently, the E.E.O.C. determined that there was not probable cause to believe the charge of discrimination was true and issued the plaintiff a right-to-sue notice. The plaintiff then commenced a Title VII action in the federal district court, which dismissed the complaint on the ground that the state court affirmance of the agency's determination barred the federal lawsuit under the principles of res judicata. *See Kremer v. Chemical Construction Corp.*, 456 U.S. at 463–66, 102 S.Ct. at 1888–89.

The Supreme Court held that the state court's affirmance of the agency's determination did preclude the plaintiff's subsequent Title VII action in federal court. In so holding the Court applied the "full faith-and-credit" provision of 28 U.S.C. § 1738, which provides in pertinent part:

The Acts of the legislature of any state . . . and judicial proceedings of any court of any such State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law of usage in the courts of such State . . . from which they are taken.

The Court stated that "[s]ection 1738 requires federal courts to give the same preclusive effect to *state court judgments* that those judgments would be given in the courts of the state from which the judgments emerged." 456 U.S. at 466, 102 S.Ct. at 1889 (emphasis added). The Court

clearly limited the applicability of res judicata in Title VII cases to agency determinations which had been reviewed by a state court:

> No provision of Title VII requires claimants to pursue in state court an unfavorable state administrative action ... while we have interpreted the "civil action" authorized to follow consideration by federal and state administrative *agencies* to be a "trial de novo", neither the statute nor our decisions indicate the the final judgment of a state *court* is subject to redetermination at such a trial.

456 U.S. at 469–70, 102 S.Ct. at 1891 (citations omitted) (emphasis in original). Even if, as the defendant contends, the unreviewed dismissal of the plaintiff's charges by the P.C.H.R. would be afforded preclusive effect in the Pennsylvania courts, the defendant's contention that the adverse agency decision should bar the plaintiff's Title VII suit was explicitly rejected in a footnote to the majority opinion in *Kremer:*

> EEOC review of discrimination charges previously rejected by state agencies would be pointless if the federal courts were bound by such agency decisions. Nor is it plausible to suggest that Congress intended federal courts to be bound further by state administrative decisions than by decisions of the EEOC. Since it is settled that decisions of the EEOC do not preclude a trial de novo in federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in a state's own courts.

456 U.S. at 470, n. 7, 102 S.Ct. at 1891 n. 7 (citations omitted). Justice Blackmun, dissenting, emphasized that "[t]he Court, as it must, concedes that a state *agency* determination does not preclude a trial de novo in federal district court ... Congress made it clear beyond doubt that state agency findings would not prevent the Title VII complainant from filing suit in a federal court." 456 U.S. at 487, 102 S.Ct. at 1900 (Blackmun, J., dissenting) (emphasis in original).

Recently, the Third Circuit followed *Kremer* in holding that a Pennsylvania court's reversal of an agency determination favorable to the plaintiff precluded the plaintiff from litigating her discrimination claim (brought pursuant to 42 U.S.C. § 1981) in the federal court. *Davis v. United States Steel Corp.,* 688 F.2d 166 (3d Cir.1983) (en banc). Nowhere in the majority opinion did the Court indicate that an *unreviewed* agency determination would be afforded res judicata effect in a federal lawsuit. Judge Gibbons in dissent noted that in *Kremer* "the Supreme Court was quite careful to state that ... Title VII did not require claimants to seek review of an unfavorable administrative action". 688 F.2d at 188 (Gibbons, J., dissenting) (footnote omitted):

It appears that subsequent to the *Kremer* decision, only one court has held that an unreviewed agency determination had any res judicata effect upon a subsequent Title VII claim. In *Buckhalter v. Pepsi-Cola General Bottlers, Inc.,* 590 F.Supp. 1146 (N.D.Ill.E.D.1984), the court held that an unreviewed adverse decision of the Illinois Human Rights Commission barred the plaintiff's Title VII discrimination lawsuit. The court acknowledged that footnote 7 to the majority's opinion in *Kremer* appeared to prevent the application of res judicata where the prior agency decision was unreviewed. *Buckhalter v. Pepsi-Cola General Bottlers, Inc.,* 590 F.Supp. at 1149. However, the court decided that the extensive judicial-type proceedings before the Illinois agency did preclude the plaintiff's Title VII suit. In support of its decision the district court relied upon *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), where the Supreme Court stated in *dicta* that res judicata may be applicable "[w]hen an administrative agency is acting in a judicial capacity and resolves disputes issues of fact properly before it which the parties have had an adequate opportunity to litigate ..." 384 U.S. at 422, 86 S.Ct. at 1560. The *Utah Construction* case, decided long before *Kremer,* involved federal

administrative mechanisms to resolve government contract disputes and has no application to the Title VII statutory scheme, which "provides for consideration of employment discrimination claims in several forums [i.e., the E.E.O.C., state and local agencies, and the federal courts] ... [a]nd, in general, [provides that the] submission of a claim to one forum does not preclude a later submission to another." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–48, 94 S.Ct. 1011, 1024, 39 L.Ed.2d 147 (1974) (citations omitted) (holding that Title VII suit not barred by prior adverse decision of union arbitrator). *See also Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976) (Title VII suit not barred by Civil Service Commission affirmance of federal agency's rejection of discrimination claim).

The result reached in *Buckhalter v. Pepsi-Cola General Bottlers, Inc.*, directly contravenes the Supreme Court's clear admonition that "unreviewed administrative determinations by state agencies .... should not preclude [a trial de novo in the federal court] even if such a decision were to be afforded preclusive effect in a state's own courts." *Kremer v. Chemical Construction Corp.*, 456 U.S. at 470 n. 7, 102 S.Ct. at 1891 n. 7 (citations omitted). Accordingly this Court declines to adopt the analysis of the district court in *Buckhalter*, and holds that the plaintiff is not barred from litigating his Title VII claim in this Court.

For all the reasons set forth above, the Court has determined that the defendant's motion for summary judgment must be denied.