**Esther C. REEDY, Plaintiff,**

v.

**STATE OF FLORIDA, DEPARTMENT OF EDUCATION, A STATE GOVERNMENTAL AGENCY, Defendant.**

**No. TCA 83-7351-WS.**

United States District Court,
N.D. Florida,
Tallahassee Division.

March 23, 1985.

L. Fred Reedy, Tallahassee, Fla., for plaintiff.

Gene T. Sellers, State Board of Educ., Tallahassee, Fla., for defendant.

## ORDER

STAFFORD, Chief Judge.

Before the court is defendant's motion for summary judgment (document 17) and Memorandum in support (document 18). Having reviewed the relevant documents, plaintiff's memorandum in opposition (document 19) and the case law, the court has determined that defendant's motion should be denied for the following reasons.

■ At issue here is whether an unappealed decision by the Florida Commission on Human Relations (FCHR) in favor of defendant should be accorded preclusive effect in this court under the doctrine of *res judicata* or collateral estoppel. Because this is purely a question of law, there being no genuine issue as to any material fact, summary judgment is appropriate. Rule 56, Federal Rules of Civil Procedure.

Plaintiff filed a charge with the FCHR on April 16, 1979, alleging unlawful acts of discrimination on the part of the State of Florida, Department of Education. Specifically, plaintiff claimed she was not hired as an Educational Data Analyst I because of her age and national origin. Plaintiff filed the same charge with the EEOC on July 26, 1979, under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*).

Florida Commission on Human Relations is a deferral agency under Title VII. *See,* Fla.Stat. § 760.06(11) (1983). Florida Commission on Human Relations investigated plaintiff's charge and referred it to the Division of Administrative Hearings. The formal evidentiary hearing under the Florida Administrative Code, at which plaintiff was represented by counsel, was held on December 8, 1981. On August 31, 1982, the hearing officer rendered a recommended order in favor of defendant. After

oral argument before FCHR, that agency entered an order on February 21, 1983, dismissing the petition with prejudice. Although the order advised plaintiff of her right to appeal, she chose not to avail herself of that opportunity. On June 30, 1983, the EEOC issued a notice of right to sue finding no reasonable cause in reliance on the investigative record of the FEP. Plaintiff filed suit in this court on October 1, 1983.

This case is governed by *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) wherein the Supreme Court held that a federal court in a Title VII case must give preclusive effect to a state court decision when that decision would be *res judicata* in the state's own courts. Defendant seeks to apply *Kremer* to the instant case even though there has been no state court decision rendered.

■ *Kremer* clearly applies only to state *court* decisions. *Id.* at 469, 102 S.Ct. at 1891 ("While we have interpreted the 'civil action' authorized to follow consideration by federal and state administrative agencies to be 'trial de novo,' neither the statute nor our decisions indicate that the final judgment of a state *court* is subject to redetermination at such a trial") (emphasis in original; citation omitted). In footnote 7, the Court states: "Since it is settled that decisions by the EEOC do not preclude a trial *de novo* in federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in a state's own courts." *Id.*

The Court was aware of the procedural loophole created by the decision, the loophole plaintiff has taken advantage of in the case at bar. The Court noted that "no provision of Title VII requires claimants to pursue in state court an unfavorable state administrative action." *Id.* at 469, 102 S.Ct. at 1891. The dissent highlights the problem with the majority opinion by declaring that the lesson of *Kremer* is that "an unsuccessful state discrimination complainant should not seek state judicial review." *Id.* at 504, 102 S.Ct. at 1908. The dissent suggests that bypassing judicial review is the prudent course. *Id.* The majority responds in footnote 19, by saying that plaintiffs are unlikely to avoid a state court decision, but the majority does not say that such forebearance would preclude federal review.

Two federal district courts have recently addressed this precise issue. In *Buckhalter v. Pepsi-Cola General Bottlers*, 590 F.Supp. 1146 (N.D.Ill.1984), the court approved the position advanced by defendant and gave preclusive effect to an unreviewed agency decision. The court relied on *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) to reach the conclusion that when an administrative agency acts in a judicial capacity, its judgment is *res judicata* under *Kremer*. *Buckhalter* at 1148. The Court read footnote 7 in *Kremer* to apply "only to those administrative decisions which are investigatory or otherwise purely administrative in nature and not to determinations in which the administrative agency was empowered to and indeed acted in a judicial capacity." *Id.* at 1149. Because Illinois' Human Rights Commission afforded plaintiff the full panoply of judicial process, the court concluded that its findings were *res judicata.*

In *Jones v. Progress Lighting Corp.*, 595 F.Supp. 1031 (E.D.Pa.1984), the court reached the opposite conclusion and expressly declined to adopt the analysis in *Buckhalter.* The court felt that the result in *Buckhalter* "directly contravenes the Supreme Court's clear admonition" that unreviewed agency determinations do not preclude *de novo* review in federal court. *Id.* at 1034.

This court too declines to follow *Buckhalter.* The *Buckhalter* court's interpretation of *Kremer*—that it applies to unreviewed administrative agency's decisions rendered in a judicial capacity—is unconvincing in light of the debate between the majority and the dissent on the prudence of foregoing state court review. The *Buck-*

*halter* court's reading of footnote 7 is unconvincing because the New York agency under review in *Kremer* also had judicial powers, and yet the majority still conceded the possibility that litigants could end-run *Kremer* by foregoing state review. Furthermore, the reasoning in *Jones*, that the dicta in *Utah Construction* has no application to the Title VII statutory scheme, is persuasive because Congress clearly contemplated that employment discrimination claims could be litigated in several forums. 42 U.S.C. § 2000e *et seq.*

This court expresses no view as to the merits of plaintiff's claim but merely holds that plaintiff's suit in this court is not barred by *res judicata* under *Kremer*. Accordingly, it is ORDERED:

1. Defendant's motion for summary judgment (document 17) is DENIED.

2. The Clerk is directed to schedule this case for pre-trial conference.