**Joanne M. ZYWICKI, Plaintiff,**

v.

**MOXNESS PRODUCTS, INC., DIV. OF VERSA TECHNOLOGY, INC., and Jay Borroughs, Defendants.**

**Civ. A. No. 82–C–1334.**

United States District Court, E.D. Wisconsin.

March 28, 1985.

---

Arthur Heitzer, Milwaukee, Wis., for plaintiff.

James R. Scott, Lindner, Honzik, Marsack, Hayman & Walsh, Milwaukee, Wis., for defendants.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

Defendants have moved for summary judgment, raising the issue of the preclusive effect to be accorded a decision of the Wisconsin Department of Industry, Labor, and Human Relations (DILHR) finding no probable cause to believe that sex discrimination or sexual harassment had occurred.

Joanne Zywicki filed a charge of discrimination with the United States Equal Employment Opportunity Commission (EEOC). The charge arose out of the termination of her employment at Moxness Products, Inc. in July, 1977. The charge was referred to the Equal Rights Division of DILHR. It was investigated, and on October 17, 1979 a decision was issued concluding that there was no probable cause to believe that discrimination had occurred. Zywicki appealed that decision, and a hearing was held before a hearing examiner of the Equal Rights Division. On February 23, 1982, the hearing examiner concluded that she was not the victim of sexual discrimination or sexual harassment. The Commission adopted the hearing examiner's decision on January 14, 1983. In the meantime, on March 3, 1982, the EEOC issued its determination that there was no probable cause to believe discrimination had occurred. Zywicki then filed the present lawsuit.

During the course of this lawsuit the defendants filed a motion for summary judgment seeking to have the sexual harassment claims dismissed on the basis that they were not included in Zywicki's charge before the EEOC. That motion was denied on September 11, 1984.

In Wisconsin DILHR is designated by the EEOC to investigate complaints filed with the EEOC. DILHR has investigative and conciliation functions similar to the EEOC. In addition, however, it holds adjudicatory hearings and is empowered to award a full range of remedial relief including back pay, reinstatement, attorney's fees, and interest. The decisions of the Equal Rights Division of DILHR are appealable to Wisconsin state courts.

Because DILHR held an adjudicatory hearing in this case, defendants have moved for summary judgment on the basis that that decision is *res judicata* in this action.

In *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), the Supreme Court ruled that a decision of a state court to uphold a state administrative agency's investigatory dismissal of an employment discrimination claim has preclusive effect whenever the state court's decision would be *res judicata* in the state's own courts. In a footnote, however, the court stated at page 470, 102 S.Ct. at 1891:

EEOC review of discrimination charges previously rejected by state agencies would be pointless if the federal courts were bound by such agency decisions. *Batiste v. Furnco Constr. Corp.*, 503 F.2d 447, 450, n. 1 (CA7 1974), cert. denied, 420 U.S. 928 (1975). Nor is it plausible to suggest that Congress intended federal courts to be bound further by state administrative decisions than by decisions of the EEOC. Since it is settled that decisions by the EEOC do not preclude a trial *de novo* in federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in a State's own courts. *Garner v. Giarrusso*, 571 F.2d 1330 (CA5 1978); *Batiste v. Furnco Constr. Corp., supra; Cooper v. Philip Morris, Inc.*, 464 F.2d 9 (CA6 1972); *Voutsis v. Union Carbide Corp.*, 452 F.2d 889 (CA2

1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117 (1972).

The question here becomes, does this footnote leave open the issue of the deference a federal court must give an unreviewed administrative decision where, as here, the state agency acted in a judicial capacity, the parties had an adequate opportunity to litigate the disputed issues of fact and there was an opportunity—not taken—of state court review of the decision. Defendants cite *Buckhalter v. Pepsi-Cola General Bottlers, Inc.*, 590 F.Supp. 1146 (N.D.Ill.1984), which held that an adjudicative agency decision had preclusive effect. Judge Bua's decision in *Buckhalter*, a case that presents facts identical to those in this case, discusses the *Kremer* footnote and concludes that despite it, preclusive effect should be given to the state agency adjudication. I agree with the reasoning of Judge Bua. How many times, one might ask, must a defendant win the game before the match is over? Under the facts of this case, once should be enough.

Here, hearings were conducted on March 18, 1980, August 27, 1980, August 29, 1980, and November 6, 1980. At all times, Ms. Zywicki was represented by counsel. In addition to her own testimony Ms. Zywicki presented nine witnesses, including four supervisory employees of Moxness who appeared pursuant to her subpoenas. The hearings generated a transcript that exceeded 600 pages. Briefs and arguments were presented and, on February 23, 1982, the hearing examiner (an attorney) issued a decision concluding that sex discrimination and harassment had not occurred. Review was taken to the state's Labor and Industry Review Commission and, on January 14, 1983, the finding of no discrimination was upheld. Zywicki did not seek further state court review although it was available.

For the reasons stated by Judge Bua in *Buckhalter*, reasoning that I adopt, no further litigation here on Zywicki's claim should be permitted. Accordingly, the defendants' motion for summary judgment is granted.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is GRANTED.