**Bessie B. GARNER, Plaintiff,**

**v.**

**UNICARE HEALTH FACILITIES, INC., Defendant.**

**Civ. A. No. 86-C-92.**

United States District Court, E.D. Wisconsin.

Jan. 15, 1987.

Mark A. Silverman, Milwaukee, Wis., for plaintiff.

David B. Kern, Milwaukee, Wis., for defendant.

**ORDER**

REYNOLDS, Senior District Judge.

Defendant Unicare Health Facilities, Inc., has moved for summary judgment on

A. Yes.

the grounds that this action is barred by the doctrine of administrative *res judicata.* Plaintiff Bessie B. Garner filed this action on January 24, 1986, alleging that she was discharged from employment by defendant because of her age in violation of the Age Discrimination in Employment Act of 1967, as amended. On April 9, 1986, defendant filed an answer and raised as an affirmative defense the bar of *res judicata* based on the Labor and Industry Review Commission's decision rejecting her claim of age discrimination.

Garner was employed by defendant Unicare Health Facilities, Inc., at the Hearthside Nursing Home located in Milwaukee, Wisconsin. Garner worked as a laundry aide at the nursing home from August 30, 1979, until she was terminated on January 27, 1983, based upon incidents which had occurred that morning.

Garner filed a charge with the Equal Rights Division of the State of Wisconsin, Department of Industry, Labor and Human Relations alleging that she was terminated because of her age (56) in violation of the Wisconsin Fair Employment Act. An investigator with the Equal Rights Division conducted an investigation of Garner's charge, and on October 24, 1983, issued a decision finding no probable cause to believe that the defendant had engaged in discriminatory practices.

Garner filed a timely appeal from the initial determination. A hearing was held on July 3, 1984, before a hearing examiner with the Equal Rights Division. Garner appeared at the hearing and was represented by her present counsel, and the defendant appeared and was represented by an attorney. At the hearing, both sides called witnesses and examined and cross-examined those witnesses. In addition, the parties introduced documentary exhibits in support of their respective positions.

On August 8, 1984, the examiner issued a decision in the case finding that the defendant did not discriminate against Garner on the basis of age and ordered that her complaint of age discrimination be dismissed. A petition for review was filed on behalf of Garner with the Labor and Industry Review Commission. The commission reviewed the record and issued an order on September 25, 1984, affirming the hearing examiner's decision and incorporating it as the final order of the commission. Garner did not appeal the decision of the commission in state court. Instead, Garner filed this action on January 24, 1986.

The parties agree that if two requirements are met, administrative *res judicata* will bar relitigation of plaintiff's claim in federal court. First, the administrative agency must have acted in a judicial capacity. Secondly, the parties must have had a full and fair opportunity to litigate their case. Plaintiff's position is that the administrative agency did not act in a judicial capacity; and therefore, the first requirement for the application of *res judicata* was not met. Plaintiff argues that she was provided an administrative hearing which lasted approximately four hours, that no legal briefs or memoranda were submitted, and the administrative agency was not bound by the rules of evidence applicable to a trial in a Wisconsin state court. Plaintiff contends that her key witness was not permitted to testify at the Equal Rights Division hearing because the defendant was not given ten days notice as required by Wis.Adm.Code Ch. IND. 88.-14(1).

The doctrine of administrative *res judicata* is applicable in this action. The parties had a full and fair opportunity to litigate their case. Plaintiff had the opportunity to subpoena witnesses and to present those witnesses at the Equal Rights Division hearing, so long as she complied with the procedural prerequisites of advance notification. Plaintiff had the opportunity to conduct pre-hearing discovery to examine and cross-examine witnesses, to request a transcript if desired, and to file a brief if she desired. The fact that the administrative hearing may have taken only four hours does not suggest that plaintiff was deprived of the right or opportunity to litigate her case. The length of a hearing does not indicate one way or another

whether the parties had a full and fair opportunity to litigate the case nor does it indicate whether that opportunity was utilized. There is no authority for the concept that the applicability of administrative *res judicata* depends upon the length of the prior administrative hearing. Plaintiff in this case had a full and fair opportunity to litigate her claim before the state administrative agency, and the claim was fully litigated and was resolved against the plaintiff.

The ultimate contention of plaintiff is that the administrative agency did not act in a judicial capacity. This contention is not persuasive. In *Zywicki v. Moxness Products, Inc., Division of Versa Technology, Inc.*, 610 F.Supp. 50 (E.D.Wis.1985), administrative *res judicata* was held to preclude a later court suit where the earlier administrative decision was rendered under the same statutory framework as the plaintiff's decision was in this action. In *Zywicki*, the administrative decision was a hearing to determine whether the initial determination of no probable cause should be affirmed. In this case, plaintiff's administrative hearing and decision were on the merits of her claim.

The application of administrative *res judicata* is appropriate in this case. The parties to both proceedings are identical. The cause of action presented to the Labor and Industry Review Commission is the same as the cause of action presented here. The decision issued by the Labor and Industry Review Commission was a final judgment on the merits. Plaintiff in this case had a full and fair opportunity to litigate her claim before the state administrative agency. Her claim was fully litigated and was resolved against the plaintiff. The doctrine of administrative *res judicata* bars the instant action, and summary judgment will be entered for the defendant Unicare Health Facilities, Inc., and against plaintiff Bessie B. Garner dismissing her complaint with prejudice.

Defendant requests that attorneys' fees be awarded on the ground that plaintiff and her counsel brought this action in bad faith, knowing that there was no possible way the plaintiff could prevail in light of prior litigation on this claim. The court is not convinced that the suit was brought in bad faith; therefore, the requests for an award of attorneys' fees will be denied.

IT IS HEREBY ORDERED that summary judgment be entered for the defendant Unicare Health Facilities, Inc., and against plaintiff Bessie B. Garner dismissing her complaint with prejudice.

IT IS FURTHER ORDERED that defendant Unicare Health Facilities, Inc.'s request for an award of attorneys' fees is denied.