**Sammie L. GLASS, Plaintiff,**

v.

**GENERAL CASTING
CORPORATION, Defendant.**

**No. 84–C–846.**

United States District Court,
E.D. Wisconsin.

April 16, 1987.

Deborah K. Scheid, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for plaintiff.

Phoebe M. Eaton, Lindner & Marsack, Milwaukee, Wis., for defendant.

### MEMORANDUM AND ORDER

WARREN, Chief Judge.

The plaintiff, Sammie Glass, was an employee of defendant, General Casting. On April 1, 1983, the defendant terminated the plaintiff from employment. The plaintiff commenced this action in federal court on June 25, 1984 alleging that he was terminated because of race and/or handicap.

#### Background

The plaintiff's charges were initially investigated by the Wisconsin Equal Rights Division (WERD). On June 21, 1983, the WERD determined that there was no probable cause to believe that the defendant had engaged in discriminatory practices.

Subsequently, the plaintiff appealed WERD's determination. On November 8, 1983, a public hearing was held to review WERD's determination. The hearing was held before a Department of Industry, Labor and Human Relations (DILHR) hearing examiner. At the hearing, the plaintiff

was represented by counsel, the plaintiff offered and presented testimony and exhibits,[1] the plaintiff submitted a written brief in support of his position, and a written transcript of the hearing was prepared. The hearing examiner determined that "there [was] no probable cause to believe that the Respondent [General Casting] had discriminated against the Complainant on the basis of a handicap or on the basis of race in violation of the Fair Employment Act when it discharged him on March 31, 1983."

Plaintiff then procedurally filed a petition for review of the hearing examiner's findings with the Labor and Industry Review Commission (LIRC). On July 16, 1984, the commission affirmed the examiner's findings of fact. The commission, however, modified the conclusions of law to the extent of finding that the plaintiff was handicapped within the meaning of the act.

After reviewing the case, the Equal Employment Opportunity Commission (EEOC), on April 13, 1984, concluded "that there is not reasonable cause to believe that the charge is true." The EEOC issued a notice of right to sue.

On August 8, 1984, the plaintiff filed an action in Milwaukee County Circuit Court for review of LIRC's decision. The court had the transcript of proceedings before DILHR and LIRC. The circuit court established a briefing schedule whereby the plaintiff was to submit a statement on January 14, 1985. No statement was received by the court. Subsequently, the LIRC moved to dismiss the complaint for failure to prosecute.

Prior to the January 14, 1985 briefing deadline, the plaintiff asked Circuit Judge Leah M. Lampone to dismiss the action without prejudice. Judge Lampone advised the plaintiff "that time limits on review of administrative decisions could bar a subsequent action seeking review of the same decision...." On January 11, 1985, the plaintiff sent a letter to Judge Lampone again asking for a dismissal. The court did not act. The court, however, acted on March 1, 1985 and dismissed the petition for review based upon LIRC's motion and the plaintiff's request for dismissal.

The defendant General Casting Corporation, has moved for summary judgment on essentially two grounds: first, that LIRC's unreviewed administrative determination operates as a bar to relitigating the discrimination claims in federal court. Secondly, that the decision of the Wisconsin Circuit Court dismissing the plaintiff's petition for review is *res judicata* and prevents the plaintiff from relitigating these claims in federal court.

## Analysis

The standards for granting summary judgment are well-established. "Summary judgment may be granted only if the record, including pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. All factual inferences are to be taken against the moving party and in favor of the opposing party." *Powers v. Dole*, 782 F.2d 689, 694 (7th Cir.1986). Special caution must be used when applying these principles in Title VII cases. The Seventh Circuit has even recognized that "[s]ummary judgment is infrequently an appropriate resolution." *Id.* In this case, however, the issues presented for review on summary judgment are legal questions. Therefore, the Court finds that summary judgment is proper and hereby GRANTS the defendant's motion.

### I. Unreviewed Agency Decision

Defendant urges this Court to enter summary judgment based upon the argument that DILHR's decision operates as a bar to relitigation of plaintiff's claims. Defendant asserts that the doctrine of *res judicata* applies to an unreviewed administrative decision where the state agency acts in a judicial capacity. Defendant primarily relies upon two cases for its argument.

In *Buckhalter v. Pepsi-Cola Gen. Bottlers*, 590 F.Supp. 1146, 1150 (N.D.Ill.1984),

---

1. Plaintiff also utilized service of process procedures available through DILHR regulations.

*vacated* and *remanded,* —— U.S. ——, 106 S.Ct. 3328, 92 L.Ed.2d 735 (1986), the court held:

> [P]laintiffs Title VII claim is barred by *res judicata.* Similarly, because there is "no reason to distinguish civil rights actions brought under sections 1981, 1982 and 1985 from suits brought under Title VII for purposes of applying *res judicata,*" plaintiff's claim under § 1981 is also barred.

*Buckhalter* involved a plaintiff who filed a race discrimination charge with the Illinois Fair Employment Practices Commission. A full hearing was held. The administrative law judge ("ALJ") dismissed the claims. When the action was filed in district court, the court granted summary judgment to the defendants based upon *res judicata.*

Relying upon *Buckhalter,* Judge Evans in *Zywicki v. Moxness Products, Inc., Div. of Versa Tech.,* 610 F.Supp. 50 (E.D.Wis. 1985), *reversed* and *remanded,* 801 F.2d 1343 (1986), held that DILHR's finding of no probable cause to believe that sex discrimination or sexual harassment occurred was entitled to preclusive effect because a full hearing was held before DILHR.

Although these cases may have been persuasive authority when the present summary judgment motion was filed, the Seventh Circuit reversed and remanded *Zywicki* on September 4, 1986, and the United States Supreme Court vacated *Buckhalter* on July 7, 1986. The Supreme Court stated that *Buckhalter* was being vacated and remanded in view of *Tennessee v. Elliott,* —— U.S. ——, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).

■ In *Tennessee v. Elliott,* the Court reviewed the preclusive effect to be given to unreviewed state administrative proceedings. The Court held that "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." *Id,* 106 S.Ct. at 3225. The Court further stated, however, that under the Reconstruction civil rights statutes, "when a state agency 'acting in a judicial capacity . . . resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate,' [*United States v.*] *Utah Construction & Mining Co., supra,* [384 U.S. 394] at 422 [86 S.Ct. 1545 at 1560, 16 L.Ed.2d 642], federal courts must give the agencies' factfinding the same preclusive effect to which it would be entitled in the States' courts." *Id.* at 3227.

In this case plaintiff is suing under Title VII. Based upon the *Elliott* decision, DILHR's administrative adjudication of plaintiff's race and handicap claims under Title VII would not be precluded from further litigation in this Court. Unfortunately, however, plaintiff's claims are precluded from litigation because Milwaukee County Circuit Court dismissed plaintiff's case.

## II. The Wisconsin Circuit Court's Dismissal Of The Plaintiff's Petition Is Res Judicata Upon This Court.

■ By enacting 28 U.S.C. § 1738, "Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the state from which the judgments emerged would do so." *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). In order for the doctrine of *res judicata* to apply, three elements must be established:

(1) a final judgment on the merits in an earlier action;

(2) an identity of the cause of action in both the earlier and later suit; and

(3) an identity of parties or their privies in the two suits.

*Lee v. City of Peoria,* 685 F.2d 196, 199 (7th Cir.1982).

In this case, Judge Lampone entered an order dismissing the petition for review which was filed in circuit court. The motion for dismissal was brought by LIRC for failure to prosecute. Under Wisconsin law, there are three ways for an action to be dismissed: voluntary dismissal by stipulation of the parties, voluntary dismissal by order of the court, and dismissal for failure to prosecute. Wis.Stat. §§ 805.04 and 805.-03. Unless the order specifies otherwise, a voluntary dismissal is without prejudice. A dismissal for failure to prosecute, however, "operates as an adjudication on the

merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order." Wis. Stat. § 805.03.

Judge Lampone noted in the order that the plaintiff had asked the court, twice, to dismiss the case without prejudice; however, the court also cited the fact that the LIRC had moved to dismiss for failure to prosecute. A dismissal for failure to prosecute is on the merits. It is apparent from the court's order dismissing the case that the court tried to reason with the plaintiff and dissuade him from making such request.

Nevertheless, the plaintiff did not continue to prosecute the action even though the court waited until March 1, 1985 to dismiss the action. This Court cannot ignore the fact that the case was not dismissed for 46 days from the date that briefs were due. Plaintiff was aware of Judge Lampone's view of the voluntary motion to dismiss during this time, but he did nothing. Also, this Court cannot ignore the clear fact that the court's dismissal was based on the defendant's motion to dismiss for failure to prosecute. This Court, therefore, finds that the dismissal was on the merits of the case.

### Conclusion

This Court finds that the state court's dismissal of the plaintiff's action to review DILHR's decision for failure to prosecute bars the present action pursuant to the doctrine of *res judicata*. Although the plaintiff was under no compulsion to pursue his claim before the state agency, *see* 42 U.S.C. § 2000e–5(c), upon eliciting to seek such relief before the LIRC and filing for review of the LIRC's dismissal of his claim in state court and that court dismissing the claim for failure to prosecute, the plaintiff is precluded from pursuing a federal Title VII action based on the same claim. Accordingly, the Court GRANTS defendant's motion for summary judgment.

SO ORDERED.