**Manuel URIARTE, Plaintiff,**

v.

**Federico PEREZ–MOLINA et al., Defendants.**

**Civ. A. No. 77–632.**

United States District Court, District of Columbia.

July 20, 1977.

Alan B. Soschin, Washington, D. C., for plaintiff.

Michael Nussbaum, Washington, D. C., for defendants.

## MEMORANDUM–ORDER

GASCH, District Judge.

This is a diversity action in which recovery is sought against a former employer. Plaintiff Manuel Uriarte is a citizen of Peru. Defendants are the League of United Latin American Citizens ("LULAC"), a Texas corporation; LULAC National Enterprise Development, Inc. ("LULAC-NED"), an unincorporated association located in Washington, D. C.; Federico Perez-Molina, a Virginia citizen and an official of LULAC-NED; and three additional individuals who are sued as the "designated incorporators" of LULAC-NED.[1]

---

1. These additional defendants are Hank F. Aguirre, Jr., a Maryland citizen, and Sarah Catherine MacGregor and Edward F. Franco, both citizens of the state of California. Although each of these individuals either is or was at one time a member of LULAC-NED's Board of Directors, it has been established that that organization has never been incorporated. *See* Affidavit of Hank F. Aguirre, Jr. at 1; Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 2.

Plaintiff's complaint alleges that in June of 1976 he was offered—and did accept—a position of employment with LULAC-NED as a research analyst at a salary of $15,000 per year; that he commenced his duties on or about July 1, 1976 and worked for LULAC-NED in Washington, D. C. for several months thereafter; that on October 22, 1976, he was terminated from this employment, assertedly "without just cause." He sought to recover from one or more of the defendants on three separate causes of action: (1) breach of employment contract;[2] (2) LULAC-NED's alleged failure to follow its own personnel policy guidelines in connection with his dismissal; and (3) defamation of character.[3]

The defendants have moved for summary judgment as to all counts of the complaint. Additionally, defendant LULAC-NED and the three "designated incorporators" of that unincorporated association have moved to be dismissed from the case on various jurisdictional grounds. In response to these motions, plaintiff has stated that he is not opposed to the motions to dismiss and has conceded summary judgment as to the second and third counts of his complaint.[4]

■ Thus, the only issue remaining before this Court is whether defendants LULAC and Perez-Molina are liable to plaintiff for breach of contract under his first cause of action. On this point, plaintiff seeks to recover damages in the amount of $14,905.72, although he does not specify the origin of that figure.[5] Defendants' position, however, is that plaintiff is not entitled to any unearned salary on a breach of contract theory because the contractual agreement between the parties was silent as to duration and therefore could be terminated by either party at any time. *See Taylor v. Greenway Restaurant, Inc.,* 173 A.2d 211 (D.C.Mun.App.1961). They accordingly insist that, as a matter of law, plaintiff's breach of contract action must fail and that summary judgment in their favor is appropriate.[6]

2. The only written integration of the employment contract in question consists of a short letter written to plaintiff by defendant Perez-Molina on June 21, 1976. It reads as follows:

Estimado Sr. Uriarte:

It is indeed a pleasure to confirm our position offer to you as Research Analyst, salary 15,000 per year starting July 1, 1976.

Welcome aboard to a lot of work that will benefit many people.

Sinceramente,
Federico Perez-Molina
Project Director

Complaint Exhibit # A.

3. Plaintiff's cause of action for defamation was based upon the memorandum of dismissal which was sent to him, and allegedly made available "to others," by his supervisor, defendant Perez-Molina. The memorandum reads as follows:

On several occasions I have brought to your attention, to no avail, the unsatisfactory degree of professional conduct displayed by you in the office. Your negative reaction to instructions as well as the insubordinate attitude displayed toward your immediate supervisor leave me no recourse other than to inform you that, based on the provisions in the Personnel Policy Manual, effective Friday, October 22, 1976, your employment status with LULAC NED has been terminated.

Memorandum of October 21, 1976, Complaint Exhibit # B.

4. *See* Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 1, 4. Although plaintiff's opposition brief nowhere refers to his concession of his second cause of action, his accompanying proposed Order provides that judgment be entered in the defendants' favor as to that count. *See* Proposed Order, ¶ 3.

5. In connection with this first cause of action, plaintiff's complaint states only that he seeks, "Judgment in the amount of $14,905.72 for damages resulting from the breach of employment contract." The Court infers from this, although the point is by no means entirely clear, that plaintiff is asserting an entitlement to an amount which includes the unearned balance of his first year's $15,000 salary. Since plaintiff's employment lasted one week less than four months (and therefore the salary balance presumably claimed by him exceeded two-thirds of the yearly amount), the Court concludes that the requisite jurisdictional amount under 28 U.S.C. § 1332(a) is not lacking.

6. Additionally, defendant Perez-Molina asserts that he should be adjudged free of any liability to plaintiff because he hired plaintiff only as an agent of defendant LULAC. Plaintiff, however, seeks to hold defendant Perez-Molina personal-

In opposing the defendants' summary judgment motion on this point, plaintiff states that he "disputes" the defendants' "characterization of the employment contract in question."[7] Yet, he neither suggests nor provides *any* authority contradicting the proposition that an employment contract such as the one *sub judice* is properly construed as terminable at will by either party. Rather, he rests his opposition on the grounds that defendant LULAC-NED's Personnel Policy Manual can be read as requiring "good cause" for plaintiff's termination[8] and that its applicability was conceded by the defendants in their motion for summary judgment. He suggests, therefore, that summary judgment would be inappropriate as to his remaining breach of contract cause of action because he has placed this "good cause" element at issue.

What plaintiff overlooks, however, is that the defendants conceded the applicability of their Personnel Policy Manual only in the context of their motion for summary judgment as to plaintiff's *second* cause of action—which he has now conceded[9]—the

alleged breach of those guidelines.[10] Thus, plaintiff cannot successfully deflect the proper focus of attention from the only true issue before the Court: whether his employment contract was breached by the defendants or could as a matter of law be terminated by either party at will.

On this question the Court finds, in the absence of any indication to the contrary, that the bilateral contract here in question was terminable at will and therefore cannot support a cause of action brought by plaintiff for its breach. It is clear that plaintiff was hired at a fixed salary rate for an indefinite period of time. Plaintiff's pleadings do not contest this point,[11] nor has he suggested by way of affidavit or exhibit that any contractual understanding to the contrary was ever achieved.[12] As has been stated by the Court of Appeals for the District of Columbia Circuit, it is a "principle of law that a contract of indeterminate duration may become terminable by unilateral action on the part of either party after a reasonable lapse

---

ly liable on the theory that he was an agent for an "undisclosed principal," *i. e.,* that he purported to represent an incorporated organization (LULAC-NED) which is not such.

It is noted in this connection that since the outset of this litigation, the defendants' counsel has acknowledged defendant Perez-Molina as an agent of defendant LULAC and has stated that that corporation defendant "stands behind LULAC-NED's conduct as though LULAC-NED were one of its divisions." Defendants' Reply to Plaintiff's Opposition to Motions to Dismiss and for Summary Judgment at 2. However, it is unnecessary for the Court to reach this issue in light of its determination that the employment contract in question does not give rise to plaintiff's action for breach.

**7.** Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 3.

**8.** Plaintiff's opposition brief attempts to evade the contract construction issue through the following argument:

The defendants argue that the plaintiff's employment contract was for an indefinite period, and "hence must be regarded as an employment at will, terminable at any time by either party for any reason or for no reason at all." The plaintiff disputes that characterization of the employment contract in question. *However, plaintiff submits that*

*it is not necessary to dwell on defendant's [sic] misinterpretation of plaintiff's contract, since the defendants' [sic] have conceded for purposes of summary judgment that "the Personnel Policy Manual constituted one of the terms of plaintiff's employment."*
Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 3 (emphasis added).

**9.** *See* note 4 *supra* and accompanying text.

**10.** *See* Defendants' Motion to Dismiss and for Summary Judgment at 6. As the defendants remark in their reply memorandum: "Plaintiff misconstrues the concession, which was limited to Count II of the Complaint." Defendants' Reply to Plaintiff's Opposition to Motions to Dismiss and for Summary Judgment at 1. Plaintiff, in turn, has not seen fit to reply to this point.

**11.** *See* note 8 *supra* and accompanying text.

**12.** It is noted that plaintiff's Statement of Material Facts as to Which There Exists a Genuine Issue, which he submitted pursuant to Local Rule 1–9(h), nowhere addresses the employment contract itself; rather, it appears to proceed from the unestablished premise that plaintiff's termination required "good cause." *See id.* at ¶¶ 2–3.

of time." *Boeing Airplane Co. v. N.L.R.B.*, 85 U.S.App.D.C. 116, 174 F.2d 988, 991 (1949); *See Taylor v. Greenway Restaurant, Inc.,* 173 A.2d 211 (D.C.Mun.App.1961); *Pfeffer v. Ernst,* 82 A.2d 763, 764 (D.C.Mun. App.1951); *cf. Local Union No. 28, International Brotherhood of Electrical Workers v. Maryland Chapter, National Electrical Contractors Association, Inc.,* 194 F.Supp. 494, 501 (D.Md.1961).[13] Plaintiff has nowhere even alleged that a "reasonable time" did not lapse prior to the defendants' decision to terminate him or that he did not receive reasonable notice prior to his dismissal.

Wherefore, it is by the Court this 20th day of July, 1977.

ORDERED that, there being no opposition to same, the defendants' motion to dismiss defendants Aguirre, MacGregor, Franco and LULAC-NED be, and hereby is, granted; and it is further

ORDERED that, there being no opposition to same, the defendants' motion for summary judgment as to the second and third counts of the instant complaint be, and hereby is, granted; and it is further

ORDERED that the defendants' motion for summary judgment as to the first count of the instant complaint be, and hereby is, granted; and it is further

ORDERED that this action be, and hereby is, dismissed.

---

**13.** This principle of contract construction is universally applied outside of the District of Columbia as well. *See generally* 3A Corbin on Contracts, §§ 647, 684 (1960); 9 Williston on Contracts, § 1017, at 129 n.11 (3d Ed. 1967); 17A C.J.S. Contracts § 398, at 478–79 n.22.