**Albert Z. HODGE, Appellant**

v.

**EVANS FINANCIAL CORP.**

**No. 82–1540.**

United States Court of Appeals,
District of Columbia Circuit.

Argued 28 Feb. 1983.

Decided 27 May 1983.

Albert Z. Hodge (pro se), for appellant.

Diane L. Silberstein, Washington, D.C., with whom Loren Kieve, Washington, D.C., was on the brief, for appellee.

Before WRIGHT, WILKEY and WALD, Circuit Judges.

Opinion for the Court filed by Circuit Judge WILKEY.

WILKEY, Circuit Judge:

Albert Hodge appeals from the district court's summary disposition of his contract action against his former employer, claiming that summary judgment was not appropriate at this stage of the litigation. We agree with Hodge that the district court erroneously granted summary judgment before all material issues of fact had been resolved. Accordingly, we reverse.

## I. BACKGROUND

On 2 September 1980 Albert Hodge left his position as assistant counsel and assistant secretary of Mellon National Corporation and Mellon Bank in Pittsburgh, Pennsylvania, to accept employment as general counsel and vice president of Evans Financial Corporation in Washington, D.C. Eight months later Hodge was discharged. He

then filed the present action, claiming that the discharge was in violation of his contract of employment.

Hodge alleged that while he was working for Mellon, he met with Jon Tilley, Evans' president and chief operating officer, and discussed the possibility of Hodge leaving his position at Mellon to work for Evans. The complaint further stated that during those meetings Tilley promised Hodge that his employment would be permanent. Hodge further alleged that after he began working for Evans, Tilley systematically prevented him from performing the responsibilities for which he had been hired, until on 7 May 1981 Evans demanded his immediate resignation without specifying any reason for termination. Hodge claimed that this unexplained termination violated Evans' promise of permanent employment.

Two months after Hodge filed his complaint, Evans deposed Hodge. During that deposition Hodge explained what he meant when he alleged that Evans had promised him permanent employment. After acknowledging that Evans had not promised to employ him for any specific period of time, Hodge stated:

> [W]hat I ... mean is that, if I come to Evans under a permanent arrangement ... I'm *entitled to stay on unless the circumstances within the company have changed* so that they either have a right to get rid of me or I have a right to get rid of them.[1]

Explaining what he meant by changed circumstances, Hodge stated that if, for example, Evans "went out of business or ... went bankrupt" or if he "performed all of [his] functions" Evans could release him without breaching the contract.[2] Evans' counsel terminated the deposition after again eliciting from Hodge an acknowledgement that no one at Evans had promised him that he could work for a specific period of time,[3] and Evans immediately moved for summary judgment.

The district court granted Evans' motion, noting that "contracts of an indefinite nature are terminable at the will of either party."[4] Since Hodge admitted that Evans had not promised him employment for a set period of time, the court reasoned that the contract was indefinite and terminable at will and that, accordingly, Evans did not breach the contract even if it terminated Hodge's employment without justification. Hodge appealed that decision. We reverse.

## II. ANALYSIS

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] Despite the fact that very little discovery had occurred, the district court concluded that there was no genuine issue as to the intended duration of the contract because Hodge admitted that the contract was not designed to last for life,

---

1. Deposition of Albert Hodge at 19, *Hodge v. Evans Financial Corp.*, No. 81–2726 (D.D.C. 15 April 1982).

2. *Id.* at 20–21.

3. The deposition ended shortly after the following exchange.
   MR. KIEVE [Evans' counsel]: Did anybody at Evans tell you that you could stay there for thirty years?
   THE WITNESS [Hodge]: No.
   MR. KIEVE: Did anybody at Evans tell you that you could stay there for five years?
   THE WITNESS: No.
   MR. KIEVE: Did anybody tell you you could stay for two years?

THE WITNESS: No.
MR. KIEVE: A year?
THE WITNESS: No.
MR. KIEVE: Six months?
THE WITNESS: No. Nor ten days.
MR. KIEVE: No assurances or promises on any fixed period of time?
THE WITNESS: Not on any fixed period of time.
*Id.* at 22–23.

4. *Hodge v. Evans Financial Corp.*, No. 81–2726, *slip op.* at 6 (D.D.C. 15 April 1982).

5. FED.R.CIV.P. 56(c).

nor for a fixed number of years or months.[6] Under the district court's view, the contract was therefore indefinite and terminable at will, and it did not matter whether Hodge was terminated without cause. Thus, the district court's entire rationale was premised on the assumption that any employment contract which is not scheduled to end at a specific time is indefinite and terminable at will. We can not agree that this is the law in the District of Columbia.

A basic principle of contract law is the concept of freedom of contract—the right of the contracting parties to structure their transactions in accordance with their wishes. The district court apparently failed to appreciate the significance of this principle, choosing instead to divide the world of employment contracts into two groups: contracts expiring on a specified date (including contracts for life) and contracts which are indefinite, and hence terminable at will. Under this view, a contract which does not by its terms expire on a specific date is automatically indefinite and terminable at will. However, common experience, as well as the law, teaches that many employment contracts fall between these polar extremes. More specifically, many contracts do not expire on a specific date, but are subject to termination only for good cause. Though the classic assumption of the law is that the parties intend a contract of indefinite term to be terminable at will, basic principles of contract law inform us that the parties can contract otherwise. The controlling factor is the intent of the parties with respect to the terms of the contract, an issue of fact on which the parties to this litigation still disagree.

In *Riefkin v. E.I. DuPont de Nemours & Co.,*[7] this court, applying the law of the District of Columbia, recognized the existence and enforceability of the type of contract Hodge allegedly entered into with Evans, a contract which was neither terminable at will nor scheduled to terminate on a specific date. In *Riefkin,* a jury found that the defendant agreed to give plaintiff "permanent employment" in the sense that plaintiff was entitled to work for defendant "so long as he rendered satisfactory services and was loyal to [defendant's] interests."[8] Despite the jury's further finding that plaintiff had continued to render satisfactory and loyal service to the defendant, the district court held that defendant was justified in terminating plaintiff's employment merely because his services were no longer required.[9] This court reversed, observing that the key issue was the meaning of the term "permanent employment" as it was used in the employment contract. The court stated that "[t]he circumstances surrounding the making of this contract largely control the interpretation to be given the words 'permanent employment' as used therein, for it must be assumed that the parties, knowing those circumstances, contracted with reference to them."[10] Noting that the plaintiff had resigned his position with the government in order to accept this "permanent employment" the court reasoned:

> May it be said that it was within the contemplation of either party that "permanent employment," as used in the contract, meant that the plaintiff, the day following his resignation from his position with the government and the assumption of his new duties, could have been summarily discharged without any liability on the part of the defendant? Such a result could not have been contemplated by either party. The more reasonable view is that the parties contemplated that, *so long as the defendant continued in a business requiring the purchase of coal and the plaintiff performed loyal and satisfactory service, he would continue to be employed in the capacity specified in the contract.*[11]

6. *Hodge, slip op.* at 5.

7. 290 F. 286 (D.C.Cir.1923).

8. *Id.* at 288.

9. *Id.*

10. *Id.* at 289.

11. *Id.*

Similarly, Hodge alleged that he left his employment with Mellon Bank to begin his "permanent employment" with Evans. He stated that he made this move because Evans had promised that he was "entitled to stay on unless the circumstances within the company have changed," [12] e.g., unless Evans "went out of business or . . . went bankrupt" or unless Hodge finished everything he was hired to accomplish.[13] Hodge contends that he gave up a good job in a different city, relocated his family to a new city, and accepted employment at a lesser rate of compensation,[14] all in reliance on Evans' promise that his employment would be permanent. If these assertions are accepted, as they must be at this stage of the litigation,[15] the result is a contract for employment which, like the one in *Riefkin,* is not terminable at will even though it does not expire on some certain date in the future. Evans may be able to prove that no promise of permanent employment was made, or that the parties' interpretation of permanent employment was different from what Hodge alleges, or even that it had a justifiable reason for terminating Hodge. But these are all issues of fact which had not been resolved when the district court entered its judgment.

Evans seeks to sustain the district court's decision by citing *Littel v. Evening Star Newspaper Co.,*[16] in which this court stated that "the assumption will be that—even though they speak in terms of 'permanent' employment—the parties have in mind merely the ordinary business contract for a continuing employment, terminable at the will of either party." [17] Evans argues that Hodge's deposition establishes that he will be unable to overcome this presumption because he was not able to state an exact period of time during which the contract would be in force. But again, the argument misses the point—the key issue is the parties' intent, an issue of fact which remains in dispute. As in *Riefkin,* Evans could have promised to employ Hodge for as long as he performed his duties loyally and satisfactorily. The duration of such a contract would be somewhat imprecise, but it would not be terminable at will. *Littel* merely stated an *assumption* which applies when there is no other evidence of the parties' intent.[18] As we noted in *Littel,* in order to discern the parties' intent, the court should look at such factors as the express terms of the contract, evidence of surrounding circumstances, or the existence of additional consideration [19]—for example, plaintiff's willingness to leave a secure position in a different city in order to begin employment with defendant. The district court did not consider these factors because no evidence had yet been produced. It was therefore an error to rule that the contract was terminable at will.

In a similar situation, the Eighth Circuit outlined the proper procedure a court should follow when interpreting the phrase "permanent employment" in a contract. It noted that a court should first look at "the language of the contract . . . the circumstances surrounding the making of it . . .

---

12. Deposition of Albert Hodge at 19, *Hodge v. Evans Financial,* No. 81–2726 (D.D.C. 15 April 1982).

13. *Id.* at 20–21.

14. *See* Appellant's Brief at 3 n.2.

15. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

16. 120 F.2d 36 (D.C.Cir.1941).

17. *Id.* at 37.

18. "The rule is that *unless the parties reveal an intent* to enter into a contract for permanent employment, it will be regarded as terminable."

*Id.* (footnote omitted). This rule was recently invoked by the District of Columbia Court of Appeals in *Sullivan v. Heritage Foundation,* 399 A.2d 856, 859–861 (D.C.1979). In *Sullivan* the court found that employees who did not consider themselves bound for any definite term were terminable at will, absent any allegations that the employer had accepted the burden of showing good cause for their terminations. *Id.* at 860. The court rejected the employees' assertion that the employer's promise to pay them a specified salary rate was evidence sufficient to overcome the presumption of terminable at will. *Id.*

19. *Littel,* 120 F.2d at 37.

[and] the consideration furnished." [20] Then, if *after* this examination the court is still unable to discern the parties' intent, "the contract will be construed to be for an indefinite period and terminable at will by either party." [21] In the present case Hodge was precluded from presenting evidence on the factors critical to the determination of intent because the court granted summary judgment at such an early stage. We do not hold that Hodge has established his case, but we do conclude that he should be given the chance to do so.

### III. Conclusion

Appellant Hodge alleged that Evans promised him employment and that it breached this contract by firing him without cause. The exact terms and meaning of the contract and, accordingly, the propriety of the termination are still unclear. We express no opinion on the likelihood of Hodge's success. But he should be given a chance to present his evidence in order to sustain his claim. Accordingly, the district court's judgment is vacated and the case is remanded.

*It is so ordered.*

---

**20.** *Eggers v. Armour & Co.,* 129 F.2d 729, 731 (8th Cir.1942).

**21.** *Id.*