Toby HARTMAN, Appellant

v.

C.W. TRAVEL, INC.

No. 85–5720.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 27, 1986.
Decided June 17, 1986.

Daniel J. Blum, for appellant. Louis Fireison and Mary P. Nyiri, Bethesda, Md., were on brief, for appellant.

Graham C. Huston, Washington, D.C., with whom Roderick H. Angus, Arlington, Md., was on brief, for appellee.

Before WRIGHT * and WALD, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The District Court in this case held that the employment contract between plaintiff/appellant Toby Hartman and defendant/appellee C.W. Travel, Inc. was unambiguous. Order at 2, *Hartman v. C.W. Travel, Inc.*, No. 84-3773 (D.D.C. May 2, 1985), Appendix ("App.") at 47. The District Court further held that the contract was terminable at will. *Id.* The District Court, therefore, on cross-motions for summary judgment, granted summary judgment to defendant C.W. Travel. Because we cannot agree that the contract was free from ambiguity, we reverse and remand for further fact-finding.

Hartman began her employment at C.W. Travel in February of 1981 at a salary of $20,000 per year. No written document memorialized this agreement. On February 9, 1982, Hartman and C.W. Travel executed a written employment agreement. The new agreement, effective February 16, 1982, provided for a $24,000 annual salary, with a $1,500 quarterly bonus. The agreement also stated that "[t]his salary is based on a 4-day work week and will be reviewed one year to date." App. at 45. Hartman worked for five months under the agreement, until July 15, 1982, when her employment at C.W. Travel was terminated.

Hartman filed suit for breach of contract on December 12, 1984. The parties engaged in some discovery. The District Court granted summary judgment to C.W. Travel on May 2, 1985.

██ The standard of review in a case such as this is a familiar one. To justify granting summary judgment to a party, a District Court must find that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). On appeal, the appellate court must determine whether, viewing the record in the light most favorable to the non-moving party, any genuine issues of material fact existed. *See Byers v. Burleson*, 713 F.2d 856, 859 (D.C.Cir.1983); *Habib v. Raytheon Co.*, 616 F.2d 1204, 1208 (D.C.Cir.1980). That the case was decided in the District Court on cross-motions for summary judgment, moreover, does not preclude the losing party from contending, on appeal, that genuine issues of material fact remained to be resolved. *See United States Trotting Association v. Chicago Downs Association, Inc.*, 665 F.2d 781, 785 (7th Cir.1981); *Capital Temporaries, Inc. v. Olsten Corp.*, 506 F.2d 658, 667 (2d Cir.1974).

██ The District Court rested its holding that the case presented no genuine issues of material fact on three essential premises. First, the Court noted that the contract did not set forth a definite term of employment or state that the parties' relationship is not terminable at will. Order at 2, App. at 47. We agree that this fact suggests that the employment contract was terminable at will. *See Littel v. Evening Star Newspaper Co.*, 120 F.2d 36, 37 (D.C.Cir.1941). The presumption that a contract that does not contain a definite term is terminable at will, however, applies only when there is no other evidence of the parties' intent. In order to discern the parties' intent, a court may also look to such factors as the express terms of the

---

* At the time the case was decided, Judge Wright was a Circuit Judge in regular active service.

On June 1, 1986 he took senior status.

contract, evidence of surrounding circumstances, or the payment of additional consideration. *Hodge v. Evans Financial Corp.,* 707 F.2d 1566, 1569 (D.C.Cir.1983). Indeed, the District Court in this case went beyond the *Littel* presumption to examine other evidence of the parties' intent.

■ The second premise for the District Court's Order was that the inclusion of an annual salary rate in the contract did not alone make the contract one for a definite term. Order at 2, App. at 47. We agree. *See Sullivan v. Heritage Foundation,* 399 A.2d 856, 860 (D.C.1979). Again, however, this single fact does not conclusively establish the parties' intent.

■ Finally, the District Court concluded that the additional factors cited by the plaintiff also concerned her annual salary, and could not be construed as a guarantee of employment for a definite term. Order at 3, App. at 48. We must disagree. Plaintiff Hartman cited four contractual provisions which she claimed established that the employment contract was for the definite term of one year:

> First, the contract bears an effective date of February 16, 1982. Second, the contract provides for a gross *annual* salary of $24,000.00 payable on the 15th and the last day of each month. Third, the salary would be reviewed *one year* to date. Fourth, a bonus of $1,500.00 was payable in cash at the end of each *calendar quarter.*

Memorandum of Points and Authorities at 3, *Hartman v. C.W. Travel, Inc.,* No. 84–3773 (D.D.C. filed Apr. 25, 1985), Supplementary Appendix at 3 (emphasis in original). At least one of those provisions, the annual review requirement, is distinct from the annual salary provision and may support a finding that the parties intended to establish an employment contract for a definite term. *See, e.g., American Agronomics Corp. v. Ross,* 309 So.2d 582, 583–84 (Fla.Dist.Ct.App.), *cert. denied,* 321 So.2d 558 (Fla.1975); *Mann v. Ben Tire Distributors, Ltd.,* 89 Ill.App.3d 695, 44 Ill.Dec. 869, 411 N.E.2d 1235, 1237 (Ill.App.Ct. 1980); *Grauer v. Vale & Primer Corp.,* 47

Ill.App.3d 152, 5 Ill.Dec. 540, 361 N.E.2d 863, 865 (Ill.App.Ct.1977). Because an issue of fact as to the intent of the parties existed, we hold that summary judgment was inappropriate.

Neither *Prouty v. National Railroad Passenger Corp.,* 572 F.Supp. 200 (D.D.C. 1983) nor *Uriarte v. Perez-Molina,* 434 F.Supp. 76 (D.D.C.1977), cited by the District Court, Order at 3, App. at 48, is to the contrary. Both *Prouty* and *Uriarte* merely cite the rule that the provision for annual salary in an employment contract does not by itself establish a contract for a definite term. *See Prouty,* 572 F.Supp. at 204–05; *Uriarte,* 434 F.Supp. at 79. Neither case involved an annual review provision similar to that in the contract at issue here.

The judgment of the District Court is *Reversed.*