6 F.3d 829
 46 Fair Empl.Prac.Cas. (BNA) 1638, 303
U.S.App.D.C. 370
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Estella M. PARKER, Appellant,
v.
NATIONAL CORPORATION FOR HOUSING PARTNERSHIPS.
 No. 85-5985.
 United States Court of Appeals, District of Columbia Circuit.
 June 2, 1987.
 
 Before: WALD, Chief Judge, and MIKVA and BUCKLEY, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of Appellant's Motion for Summary Reversal and Appellee's opposition thereto, it is, for the reasons stated in the accompanying memorandum,
 
 
 2
 ORDERED that Appellant's Motion for Summary Reversal be granted; and it is
 
 
 3
 FURTHER ORDERED that this case be remanded to the district court for further proceedings consistent with the accompanying memorandum.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 14.
 
 MEMORANDUM
 
 5
 Appellant Estella M. Parker (Parker) commenced this action by filing a pro se complaint in the district court naming National Corporation for Housing Partnerships (NCHP), her former employer, as defendant. The district court appointed volunteer counsel to represent Parker. Counsel filed an Amended Complaint alleging that NCHP violated employment rights protected by federal and District of Columbia law when it terminated Parker's employment.
 
 
 6
 The district court dismissed all five claims for relief. See Parker v. NCHP, 619 F.Supp. 1061 (D.D.C.1985). Parker noted a timely appeal. Parker has notified NCHP, and indirectly, this court, that she is not raising on appeal the dismissal of counts III, IV, and V, leaving only counts I (alleging violation of the Civil Rights Act of 1964 and 28 U.S.C. Sec. 1981) and II (alleging retaliatory treatment and firing) for our consideration. We stayed briefing pending the decision of the Supreme Court in University of Tennessee v. Elliott, --- U.S. ----, 106 S.Ct. 3220 (1986). Parker has now moved for summary reversal based on the Elliott decision. We grant the motion.
 
 
 7
 The district court based its dismissal of counts I and II on the dismissal with prejudice for failure to prosecute entered in a parallel administrative proceeding before the District of Columbia Commission on Human Rights. Parker did not seek judicial review of the Commission's decision.
 
 
 8
 In University of Tennessee v. Elliott, the Supreme Court held that "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." 106 S.Ct. at 3225. NCHP concedes this fact. Opposition at 2. The Court further held that "federal courts must give the agency's factfinding the same preclusive effect to which it could be entitled in the State's courts." 106 S.Ct. at 3227. The only fact found by the Commission was that Parker failed to cooperate in the prosecution of her claims before the Commission. This fact has no effect on the merits of her case.
 
 
 9
 Accordingly, we grant Parker's Motion for Summary Reversal and remand this case to the district court for further proceedings consistent with this memorandum.